# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE HUXTABLE and JEFFREY A. AGNEW,<br><br>　　　　　　　Plaintiffs,<br>　v.<br>TIMOTHY F. GEITHNER, et al.<br>　　　　　　　Defendants. | Case No. 09cv1846 BTM(NLS)<br><br>**ORDER DENYING MOTION TO DISMISS** |

On September 21, 2009, Defendants National City Bank and PNC Financial Services Group, Inc. ("Moving Defendants") filed a motion to dismiss the Complaint for failure to state a claim. For the following reasons, the motion is **DENIED.**

## I. BACKGROUND

Plaintiffs' Complaint arises out of non-judicial foreclosure proceedings related to their home in Ramona, California. The following are factual allegations in the Complaint and are not the Court's findings.

Plaintiffs defaulted on their home mortgage in November 2007. (Compl. ¶ 26.) In February 2008, a notice of default was recorded and served. (Compl. ¶ 27.) And in December 2008, a notice of sale was recorded and served, setting a date for the public auction of Plaintiffs' home. (Compl. ¶ 29.) Pursuant to a joint motion, the Court has enjoined the sale of Plaintiffs' home during the pendency of this action. (September 29, 2009 Order,

Doc. 25.)

Plaintiffs allege that they are eligible for a loan modification under the Home Affordable Modification Program ("HAMP"). (Compl. ¶ 95.) HAMP is a federally funded program that allows mortgagors to refinance their mortgages and reduce their monthly payments. (Compl. ¶ 66.) Despite their eligibility for HAMP, the loan servicer, Defendant National City Mortgage Company, twice denied their application for a loan modification. (Compl. ¶¶ 90, 93.) Plaintiffs did not receive a reason for the denial or an opportunity to appeal. (Compl. ¶ 100.)

Plaintiffs' Complaint contains two counts. Both are for violation of due process under the Fifth Amendment for failing to create rules implementing HAMP that comport with due process. (Compl. ¶¶ 114–27.)

Defendants National City Bank and PNC Financial Services Group, Inc. have moved to dismiss the Complaint on the grounds that Plaintiffs have failed to plead that they are state actors.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). But only factual allegations must be accepted as true—not legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for

relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1949.

### III. DISCUSSION

Plaintiffs have alleged that Defendants have violated their Fifth Amendment procedural due process rights. The Fifth Amendment, however, only applies to governmental actions, Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008), and the Moving Defendants are private entities. Therefore, the Moving Defendants argue, the Complaint fails to state a claim against them.

But in some circumstances the Fifth Amendment does apply to private entities. "In order to apply the proscriptions of the Fifth Amendment to private actors, there must exist a sufficiently close nexus between the (government) and the challenged action of the . . . (private) entity so that the action of the latter may be fairly treated as that of the (government) itself." Rank v. Nimmo, 677 F.2d 692, 701 (9th Cir. 1982) (internal quotations omitted). There are four different tests used to determine whether private action can be attributed to the state: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). The application of these tests is a "necessarily fact-bound inquiry." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 939 (1982).

Plaintiffs argue that two tests apply here: public function and joint action.

1. Public Function

"Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations. The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental." Kirtley, 326 F.3d at 1093 (internal quotations and citations omitted). Mortgage loan servicing is neither traditionally nor exclusively governmental, and

Plaintiffs cannot show government action under this test.

2. Joint Action

Under the joint action test, the Court considers "whether the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." Kirtley, 326 F.3d at 1093 (internal quotations omitted). "A private party is liable under this theory, however, only if its particular actions are 'inextricably intertwined' with those of the government." Brunette v. Humane Soc'y of Ventura County, 294 F.3d 1205, 1211 (9th Cir. 2002). "The mere fact that a business is subject to state regulation does not itself convert its action into that of the State . . . . Nor does the fact that the regulation is extensive and detailed . . . ." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (addressing equivalent provision in Fourteenth Amendment).

The Court does not have sufficient facts before it to determine whether state action exists here. As the Supreme Court has stated, this is a "necessarily fact-bound inquiry." Lugar, 457 U.S. at 939. Although the mere fact that a business is subject to extensive regulation is not sufficient to find joint action, here there may be more than just extensive regulation. Plaintiffs have pled that the HAMP program imposes affirmative duties on lenders, like the Moving Defendants, who participate in the program. If an applicant meets certain federally created criteria, then the lender has no discretion and must grant a loan modification. The federal program is completely administered by the Moving Defendants, and they are essentially acting as the government's agents in executing HAMP. Making all reasonable inference in Plaintiff's favor, the Court find that Plaintiff has stated a claim upon which relief can be granted.

Of course, facts developed through discovery may ultimately show that Plaintiff cannot establish state action. But at this stage in the litigation, the Court does not have the answers to several relevant issues, including (1) whether government officials were involved in the

decision to deny Plaintiff's request; (2) whether government officials provide guidance to the Moving Defendants regarding the administration of HAMP; (3) the extent of ongoing communication between the government and the Moving Defendants regarding HAMP; (4) and the financial arrangements between the government and the Moving Defendants regarding HAMP.  This is not an exhaustive list and the course of discovery may yield other relevant facts not listed here.

Defendant's best case—which it does not cite—in support of its motion to dismiss is Rank v. Nimmo, 677 F.2d 692 (9th Cir. 1982).  In Nimmo, the Ninth Circuit held that a private mortgage lender who foreclosed on a plaintiff's property was not a state actor.  The plaintiff had obtained a mortgage loan through the VA Home Mortgage Guarantee Program, which was a federal program that guaranteed a portion of a qualifying veteran's mortgage, enabling veterans to obtain mortgage loans without a substantial down payment.  677 F.2d at 693–94.  A private commercial lender made a loan to the plaintiff under the program.  Id. at 693.  When the plaintiff defaulted, the lender foreclosed on the plaintiff's property.  Id. at 695–96.  The Plaintiff sued the lender for depriving him of his entitlement to a federal-home-loan program without affording him due process under the Fifth Amendment.  Id. at 696.  The Ninth Circuit held that even though the private lender was subject to extensive federal regulation under the federal home loan guaranty program, the private lender was not a state actor.  Id. at 702.

This case is different from Nimmo for at least two reasons.  First, and most importantly, the Ninth Circuit decided Nimmo on cross motions for summary judgment and had the benefit of a more fully developed factual record.  And second, the guaranty program at issue in Nimmo was very different from HAMP.  Under the guaranty program, private lenders applied to the government for participation in the program and the government could deny their participation if the private lender failed to meet certain criteria.  677 F.2d 694.  But in this case, Plaintiffs contend that the government required private lenders to participate if they have received federal money, and the private lenders must administer HAMP on the government's behalf.  Whether this is correct or not is not an issue that can be determined

on the record before the Court.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Dismiss (Doc. 21.) The Moving Defendants may raise their argument again on a motion for summary judgment once the record has been more fully developed.

**IT IS SO ORDERED.**

DATED:  December 23, 2009

Honorable Barry Ted Moskowitz
United States District Judge