Stuart B. Wolfe (SBN 156471)
Cathy L. Granger (SBN 156453)
clgranger@wolfewyman.com
WOLFE & WYMAN LLP
5 Park Plaza, Suite 1100
Irvine, California 92614-5979
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Defendants
PNC FINANCIAL SERVICES GROUP, INC.
(individually and as successor by merger to
NATIONAL CITY CORPORATION) and
PNC BANK, NATIONAL ASSOCIATION,
as successor by merger to NATIONAL CITY
BANK previously doing business as NATIONAL
CITY MORTGAGE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE HUXTABLE and JEFFREY A. AGNEW,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY F. GEITHNER, as United States Secretary of the Treasury; UNITED STATES DEPARTMENT OF THE TREASURY; THE FEDERAL HOUSING FINANCE AGENCY, as conservator for the Federal National Mortgage Association, d/b/a Fannie Mae, and for the Federal Home Loan Mortgage Corporation, d/b/a Freddie Mac; FEDERAL NATIONAL MORTGAGE ASSOCIATION, d/b/a Fannie Mae; FEDERAL HOME LOAN MORTGAGE CORPORATION, d/b/a Freddie Mac; NATIONAL CITY CORPORATION, a Delaware corporation; NATIONAL CITY BANK, a nationally chartered bank; NATIONAL CITY MORTGAGE, a division of National City Bank; PNC FINANCIAL SERVICES GROUP, INC., a Pennsylvania corporation; and CAL-WESTERN RECONVEYANCE CORPORATION, a California corporation,<br><br>Defendants. | Case No. 09-CV-01846<br><br>Assigned to the Hon. Barry Ted Moskowitz<br><br>Dept. 15<br><br>Action Filed: 08/25/2009<br><br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES BY PNC DEFENDANTS** |

1

Defendants PNC FINANCIAL SERVICES GROUP, INC. (individually and as successor by merger to NATIONAL CITY CORPORATION) and PNC BANK, NATIONAL ASSOCIATION, as successor by merger to NATIONAL CITY BANK previously doing business as NATIONAL CITY MORTGAGE (the "PNC Defendants)[1] hereby answer the complaint ("Complaint") filed by Plaintiffs LYNNE HUXTABLE and JEFFREY A. AGNEW ("Plaintiffs") as follows:

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

2. Answering Paragraph 2 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

3. Answering Paragraph 3 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

4. Answering Paragraph 4 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

5. Answering Paragraph 5 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

///

---

[1] Heretofore, Defendants have appeared in this action as PNC FINANCIAL SERVICES GROUP, INC. (individually and as successor by merger to NATIONAL CITY CORPORATION) and NATIONAL CITY BANK (individually and doing business as NATIONAL CITY MORTGAGE COMPANY). As of November 6, 2009, the designation for the latter entity is PNC BANK, NATIONAL ASSOCIATION, as successor by merger to NATIONAL CITY BANK previously doing business as NATIONAL CITY MORTGAGE.

## PARTIES

6. Answering Paragraph 6 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

7. Answering Paragraph 7 of the Complaint, the PNC Defendants admit that Timothy F. Geithner is Secretary of the United States Department of the Treasury; however, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the balance of the allegations in Paragraph 7 and, on that basis, deny them.

8. Answering Paragraph 8 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

9. Answering Paragraph 9 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

10. Answering Paragraph 10 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

11. Answering Paragraph 11 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

12. Answering Paragraph 12 of the Complaint, the PNC Defendants respond that the entity sued herein and formerly known as National City Bank is properly designated at PNC Bank, National Association, as successor by merger to National City Bank, and is located at 20 Stanwix Street, Pittsburgh, Pennsylvania 15222. The PNC Defendants deny the remaining allegations of Paragraph 12.

13. Answering Paragraph 13 of the Complaint, the PNC Defendants respond that, as of November 6, 2009, the entity sued herein and formerly known as

National City Mortgage is properly designated as PNC BANK, NATIONAL ASSOCIATION, as successor by merger to NATIONAL CITY BANK previously doing business as NATIONAL CITY MORTGAGE, is the servicer for Plaintiffs' first priority home loan and is located at 20 Stanwix Street, Pittsburgh, Pennsylvania 15222.

14. Answering Paragraph 14 of the Complaint, the PNC Defendants respond that the entity sued herein and formerly known as National City Bank, which is properly designated at PNC Bank, National Association, as successor by merger to National City Bank, is a Delaware association with its headquarters located at 20 Stanwix Street, Pittsburgh, Pennsylvania 15222.

15. Answering Paragraph 15 of the Complaint, the PNC Defendants admit TARP is part of the Emergency Economic Stabilization Act of 2008 but otherwise deny the allegations of Paragraph 15.

16. Answering Paragraph 16 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## JURISDICTION AND VENUE

17. Answering Paragraph 17 of the Complaint, the PNC Defendants admit the Plaintiffs purport to state an action that arises under the Constitution and laws of the United States of America, and that on that basis, the Court has subject matter jurisdiction pursuant to title 28 United States Code section 1331.

18. Answering Paragraph 18 of the Complaint, the PNC Defendants admit that the property that is the subject of this action is situated in the Southern District of California. The PNC Defendants lack sufficient information or belief to answer the remaining allegations of this paragraph, and on that basis, deny them.

## PLAINTIFFS DEMAND TRIAL BY JURY

19. Answering Paragraph 19 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny.

4

## PLAINTIFFS' PROPERTY INTERESTS

20. Answering Paragraph 20 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

21. Answering Paragraph 21 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

22. Answering Paragraph 22 of the Complaint, the PNC Defendants admit the allegations, except that the principal amount of the loan referenced in Paragraph 22 was $236,000.00, and the servicing entity is properly denominated as PNC Bank, National Association, as successor by merger to National City Bank previously doing business as National City Mortgage.

23. Answering Paragraph 23 of the Complaint, the PNC Defendants respond that the servicing entity is properly denominated as PNC Bank, National Association, as successor by merger to National City Bank previously doing business as National City Mortgage. The PNC Defendants lack sufficient information or belief upon which to admit or deny the balance of the allegations of Paragraph 23, on that basis, deny them.

24. Answering Paragraph 24 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## LOAN DEFAULT AND NONJUDICIAL FORECLOSURE PROCESS

25. Answering Paragraph 25 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

26. Answering Paragraph 26 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES BY PNC DEFENDANTS
CASE NO. 09-CV-01846

27. Answering Paragraph 27 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

28. Answering Paragraph 28 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

29. Answering Paragraph 29 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## FOREBEARANCE AGREEMENT

30. Answering Paragraph 30 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

31. Answering Paragraph 31 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

32. Answering Paragraph 32 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

33. Answering Paragraph 33 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

34. Answering Paragraph 34 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

35. Answering Paragraph 35 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES BY PNC DEFENDANTS
CASE NO. 09-CV-01846

36. Answering Paragraph 36 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

37. Answering Paragraph 37 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

38. Answering Paragraph 38 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

39. Answering Paragraph 39 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

40. Answering Paragraph 40 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

41. Answering Paragraph 41 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## THE FEDERAL GOVERNMENT'S FORECLOSURE PREVENTION AND LOAN MODIFICATION PROGRAM

42. Answering Paragraph 42 of the Complaint, the PNC Defendants admit the allegations.

43. Answering Paragraph 43 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

44. Answering Paragraph 44 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

45. Answering Paragraph 45 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

46. Answering Paragraph 46 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

47. Answering Paragraph 47 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

48. Answering Paragraph 48 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

49. Answering Paragraph 49 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## THE FEDERAL GOVERNMENT'S FORECLOSURE PREVENTION

50. Answering Paragraph 50 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

51. Answering Paragraph 51 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

52. Answering Paragraph 52 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

53. Answering Paragraph 53 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

54. Answering Paragraph 54 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

55. Answering Paragraph 55 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

56. Answering Paragraph 56 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

57. Answering Paragraph 57 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

58. Answering Paragraph 58 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

59. Answering Paragraph 59 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

60. Answering Paragraph 60 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

61. Answering Paragraph 61 of the Complaint, the PNC Defendants deny the allegations.

62. Answering Paragraph 62 of the Complaint, the PNC Defendants admit National City Bank entered into a SPA. The PNC Defendants lack sufficient information or belief upon which to either admit or deny the balance of the allegations and, on that basis, deny them.

63. Answering Paragraph 63 of the Complaint, the PNC Defendants lack

sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## HAMP IMPLEMENTATION FRAMEWORK

64. Answering Paragraph 64 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

65. Answering Paragraph 65 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

66. Answering Paragraph 66 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

67. Answering Paragraph 67 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

68. Answering Paragraph 68 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

69. Answering Paragraph 69 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

70. Answering Paragraph 70 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

71. Answering Paragraph 71 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

72. Answering Paragraph 72 of the Complaint, the PNC Defendants lack

sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

73. Answering Paragraph 73 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

74. Answering Paragraph 74 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## NON-EXISTENCE OF SPECIFIC NOTIFICATION PROCEDURES OR DISCLOSURE REQUIREMENTS FOR A HOMEOWNER THAT IS DENIED ACCESS TO HAMP

75. Answering Paragraph 75 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

76. Answering Paragraph 76 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

77. Answering Paragraph 77 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

78. Answering Paragraph 78 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

79. Answering Paragraph 79 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

80. Answering Paragraph 80 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations

and, on that basis, deny them.

81. Answering Paragraph 81 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

82. Answering Paragraph 82 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## NON-EXISTENCE OF ANY PROCEDURE PROVIDING A MEANINGFUL OPPORTUNITY TO BE HEARD, OR ANY PROCEDURE FOR IMPARTIAL REVIEW OR APPEAL OF AN ADVERSE DECISION OR TO UNDO A WRONGFUL FORECLOSURE

83. Answering Paragraph 83 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

84. Answering Paragraph 84 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

85. Answering Paragraph 85 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

86. Answering Paragraph 86 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

87. Answering Paragraph 87 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

88. Answering Paragraph 88 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations

1 and, on that basis, deny them.

2    89.   Answering Paragraph 89 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## CONTINUING DENIALS OF LOAN MODIFICATION UNDER HAMP

90.   Answering Paragraph 90 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

91.   Answering Paragraph 91 of the Complaint, the PNC Defendants admit the Exhibit A document attached to the Complaint is a copy of the SPA involving National City Bank. The PNC Defendants lack sufficient information or belief upon which to either admit or deny the balance of the allegations and, on that basis, deny them.

92.   Answering Paragraph 92 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

93.   Answering Paragraph 93 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## PLAINTIFFS ARE ELIGIBLE FOR A LOAN MODIFICATION UNDER HAMP

94.   Answering Paragraph 94 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

95.   Answering Paragraph 95 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

96.   Answering Paragraph 96 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations

and, on that basis, deny them.

97. Answering Paragraph 97 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

98. Answering Paragraph 98 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## FAILURE TO PROVIDE NOTICE OF REASON(S) FOR DENIAL

99. Answering Paragraph 99 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

100. Answering Paragraph 100 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## LACK OF VALID BASIS FOR REFUSAL TO CONSIDER REQUEST FOR HAMP LOAN MODIFICATION

101. Answering Paragraph 101 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

102. Answering Paragraph 102 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

103. Answering Paragraph 103 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

104. Answering Paragraph 104 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

1  105. Answering Paragraph 105 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

4  106. Answering Paragraph 106 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

7  107. Answering Paragraph 107 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

10 108. Answering Paragraph 108 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

13 109. Answering Paragraph 109 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## IRREPARABLE HARM

17 110. Answering Paragraph 110 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

20 111. Answering Paragraph 111 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

23 112. Answering Paragraph 112 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

26 113. Answering Paragraph 113 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## COUNT I:
## VIOLATION OF DUE PROCESS – FAILURE TO PROMULGATE RULES REQUIRING A MEANINGFUL OPPORTUNITY TO BE HEARD, REASONED DECISION MAKING, AND NOTICE OF DENIAL

114.    Paragraph 114 does not require a response; but, to the extent it does require a response, the PNC Defendants deny its allegations.

115.    Answering Paragraph 115 of the Complaint, the PNC Defendants admit its allegations.

116.    Answering Paragraph 116 of the Complaint, the PNC Defendants deny its allegations.

117.    Answering Paragraph 117 of the Complaint, the PNC Defendants admit its allegations.

118.    Answering Paragraph 118 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

119.    Answering Paragraph 119 of the Complaint, the PNC Defendants admit its allegations.

120.    Answering Paragraph 120 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

121.    Answering Paragraph 121 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## COUNT II:
## FAILURE TO PROMULGATE RULES REQUIRING A RIGHT TO REVIEW OR APPEAL TO AN IMPARTIAL ARBITER

122.    Paragraph 122 does not require a response; but, to the extent it does require a response, the PNC Defendants deny its allegations.

123. Answering Paragraph 123 of the Complaint, the PNC Defendants admit its allegations.

124. Answering Paragraph 124 of the Complaint, the PNC Defendants deny its allegations.

125. Answering Paragraph 125 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

126. Answering Paragraph 126 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

127. Answering Paragraph 127 of the Complaint, the PNC Defendants lack sufficient information or belief upon which to either admit or deny the allegations and, on that basis, deny them.

## AFFIRMATIVE DEFENSES

The PNC Defendants hereby assert the following as affirmative defenses to Plaintiffs' Complaint:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The PNC Defendants are informed and believe, and based thereon allege, that the Complaint fails to state a claim upon which relief may be granted against the PNC Defendants. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

### SECOND AFFIRMATIVE DEFENSE
**(Statutes of Limitation)**

The PNC Defendants are informed and believe, and based thereon allege, that Plaintiffs' Complaint and each cause of action therein is barred by the applicable statutes of. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## THIRD AFFIRMATIVE DEFENSE
### (No Entitlement)

The PNC Defendants are informed and believe, and based thereon allege, that Plaintiffs' Complaint and each cause of action therein is barred because Plaintiffs do not have a legitimate claim of entitlement under the HAMP program, and there is therefore no protected property interest giving rise to due process protections. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (PNC Defendants are Not State Actors)

The PNC Defendants are informed and believe, and based thereon allege, that Plaintiffs' Complaint and each cause of action therein is barred as against the PNC Defendants because the PNC Defendants are private actors and not state actors. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (No Right to Loan Modification)

The PNC Defendants are informed and believe, and based thereon allege, that the prohibition on laws impairing the obligation of contracts afforded under the United States Constitution bars Plaintiffs' Complaint against the PNC Defendants, to the extent it asserts Plaintiffs' entitlement to a modification of the terms of their mortgage loan. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (No Damages)

The PNC Defendants are informed and believe, and based thereon allege, that Plaintiffs have suffered no damages.

///

1  WHEREFORE, Defendants PNC FINANCIAL SERVICES GROUP, INC.
2  (individually and as successor by merger to NATIONAL CITY CORPORATION)
3  and PNC BANK, NATIONAL ASSOCIATION, as successor by merger to
4  NATIONAL CITY BANK previously doing business as NATIONAL CITY
5  MORTGAGE pray:
6      1. That Plaintiffs take nothing by way of their Complaint on file herein;
7      2. For costs of suit incurred herein; and
8      3. For such other and further relief as the Court may deem just and proper.

11  DATED: January 6, 2010            WOLFE & WYMAN LLP

          By: _____
          STUART B. WOLFE
          CATHY L. GRANGER
          Attorneys for **Defendants**
          **PNC FINANCIAL SERVICES GROUP,
          INC. (individually and as successor by
          merger to NATIONAL CITY
          CORPORATION) and PNC BANK,
          NATIONAL ASSOCIATION, as successor
          by merger to NATIONAL CITY BANK,
          previously doing business as NATIONAL
          CITY MORTGAGE**

H:\Matters\National City Bank (1264.001)\137 (Huxtable)\Pleadings\Answer.doc

PROOF OF SERVICE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA Case No. 09-CV-01846
Huxtable, et al. v. Geithner, et al.
W&W File No. 1264-137
[Revised: September 21, 2009]

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF ORANGE      )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1100, Irvine, California 92614-5979.

On January 6, 2010, I served the document(s) described as **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES BY PNC DEFENDANTS** as follows.

☐ **BY MAIL**: as follows:

  ☐ **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☒ **BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the Southern District Court website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒ **FEDERAL** I declare that I am a member of the State Bar of this Court.

Executed on January 6, 2010, at Irvine, California.

*[signature]*

Cathy L. Granger

1